Thomas J. Cafferty, Esq.
Michael R. McDonald, Esq.
Brielle A. Basso, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4827
Facsimile: (973) 639-6295

*Attorneys for Defendant*
*Raritan Valley Country Club*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES CURE, ROBERT BENIGNO, and WILLIAM FREITAG, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RARITAN VALLEY COUNTRY CLUB, a New Jersey non-profit corporation, JOHN/JANE DOES 1-20, individuals, said names being fictitious, ABC COMPANIES 1-20, business entities, said names being fictitious,<br><br>Defendants. | Civil Action No. 21-cv-19219<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Law Division – Somerset County, Docket No. SOM-L-1215-21] |

**TO:  THE CLERK OF THE UNITED STATE DISTRICT COURT**
    **FOR THE DISTRICT OF NEW JERSEY**

### DEFENDANT RARITAN VALLEY COUNTRY CLUB'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Raritan Valley Country Club files this Notice of Removal, and as grounds for removal states the following:

**A.  The Removed Case**

1. Defendant Raritan Valley Country Club ("RVCC" or "the Club") is a defendant in

a civil action pending in the Superior Court of New Jersey, Law Division – Somerset County, Docket No. SOM-L-1215-21, styled: *Charles Cure, Robert Benigno and William Freitag, individually and on behalf of all others similarly situated, v. Raritan Valley Country Club, a New Jersey non-profit corporation, John/Jane Does 1-20, individuals, said names being fictitious, ABC Companies 1-20, business entities, said names being fictitious*, Docket No. SOM-L-1215-21 ("the State Court Action").

**B.    This Court Has Diversity Jurisdiction Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).**

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because it is a "class action" in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and "any member of [the] class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A); *see Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'").

2.    In 2014, the Supreme Court of the United States held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Thus, "the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)."  *Grace v. T.G.I. Fridays, Inc*., No. 14-7233, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015) (quoting *Dart Cherokee,* 574 U.S. at 87).  "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court."  *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (citing *Dart Cherokee*, 574 U.S. at 87).  Moreover,

the Supreme Court and this Court have recognized that "Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee*, 574 U.S. at 88-89 (quoting H.R. Rep. No. 112-10, at 16 (2011)); *Grace*, 2015 WL 4523639 at *3. For the reasons below, this Notice of Removal satisfies the "plausible allegation" standard set forth by the Supreme Court.

3.  Here, the requirements for jurisdiction under CAFA are easily satisfied.

**(i)   "Minimal Diversity" is Satisfied.**

4.  Plaintiffs' State Court Class Action Complaint (the "State Court Complaint") pleads that Plaintiff Charles Cure is an individual residing in the State of Florida. State Court Complaint, Ex. 2 at ¶ 2. Thus, Plaintiff Cure is a citizen of Florida for diversity purposes.

5.  The State Court Complaint pleads that Plaintiff Robert Benigno is an individual residing in the State of North Carolina. *Id.* at ¶ 3. Thus, Plaintiff Benigno is a citizen of North Carolina for diversity purposes.

6.  The State Court Complaint pleads that Plaintiff William Freitag is an individual residing in the State of Georgia. *Id.* at ¶ 4. Thus, Plaintiff Freitag is a citizen of Georgia for diversity purposes.

7.  Defendant RVCC is a non-profit corporation organized under the laws of the State of New Jersey, with its principal place of business in Bridgewater, New Jersey. Accordingly, under CAFA, Defendant is a citizen of New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title … a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

8. Therefore, with Plaintiffs being citizens of Florida, North Carolina, and Georgia, and Defendant being a citizen of New Jersey, the minimal diversity required by § 1332(d)(2)(A) is readily satisfied.

**(ii)    The Aggregate Number of Proposed Class Members is 100 or More.**

9. Likewise, the requirement that the aggregate number of proposed class members is 100 or more is satisfied by Plaintiffs' own allegations in the State Court Complaint. Plaintiffs' Complaint purports to encompass a class of persons defined as "[a]ll former members of RVCC whose memberships in RVCC were terminated on or after January 1, 2008 due to resignation or death and who have not received repayment from RVCC of the amounts they paid to RVCC for their Proprietary Membership Certificates." State Court Complaint, Ex. 2 at ¶ 93.

10. The State Court Complaint alleges that "[t]he members of the Class are so numerous that joinder of all members is impractical." *Id.* ¶ 94.

11. The State Court Complaint further alleges that "[u]pon information and belief, there are approximately (200) former members of RVCC whose memberships in RVCC were terminated on or after January 1, 2008 due to resignation or death and who have not received repayment from RVCC of the amounts they paid to RVCC for their Proprietary Membership Certificates." *Id.*

12. Thus, the aggregate number of proposed class members exceeds 100.

**(iii)    The Amount in Controversy Exceeds the Sum or Value of $5,000,000.**

13. The State Court Complaint satisfies the amount in controversy requirement for class actions set forth in 28 U.S.C. § 1332 because it seeks damages in excess of the jurisdictional minimum of $5,000,000. Plaintiffs purport to bring claims "on behalf of themselves and the other former members of RVCC." *Id.* at ¶ 1. According to the Complaint, "[t]he named plaintiffs and the Class purchased private golf proprietary memberships in RVCC (including the corresponding

Proprietary Membership Certificates) based on the commitment by RVCC to repay them the cost of their Proprietary Membership Certificates once they resigned from RVCC from the proceeds collected from replacement proprietary members purchasing Proprietary Membership Certificates." *Id.* Plaintiffs define the putative class as "[a]ll former members of RVCC whose memberships in RVCC were terminated on or after January 1, 2008 due to resignation or death and who have not received repayment from RVCC of the amounts they paid to RVCC for their Proprietary Membership Certificates."

14. Section 1332(d)(6) provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* Though Defendant does not concede (a) any liability on Plaintiffs' allegations; (b) that these allegations state a claim for a private right of action; and/or (c) the propriety of the putative class allegations of the Complaint, Plaintiffs' Complaint places "in controversy" in this Action a sum greater than $5,000,000.

15. Moreover, the "language of CAFA favors federal jurisdiction over class actions" and "[f]or that reason (and unlike non-CAFA removal situations), 'no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.'" *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 592 n.9 (D.N.J. 2016) (quoting *Dart Cherokee*, 574 U.S. at 89). Likewise, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

16. The amount in controversy considers all types of relief sought, including "damages," "injunctive relief," and "declaratory relief." *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see also Rasberry v. Capitol Cnty. Mut. Fire Ins. Co.,* 609 F.

Supp. 2d 594, 600-01 (E.D. Tex. 2009).

17.     In five causes of action, the Complaint alleges that approximately 200 putative class members have been damaged and seek compensatory damages in the amounts allegedly due to them in accordance with their Proprietary Membership certificates, plus costs and interest and unspecified equitable relief.  Further, Count Three of the Plaintiffs' Complaint seeks compensatory damages for alleged violations of the New Jersey Consumer Fraud Act ("CFA"), including treble damages, attorneys' fees and costs.  State Court Complaint, Wherefore Clause, p. 18.

18.     Plaintiffs allege that "[t]he advertisements employed by RVCC in its marketing of its sale of private golf proprietary memberships and corresponding Proprietary Membership Certificates to potential members … employed numerous vague, misleading, deceptive or ambiguous language with the capacity to mislead the Plaintiffs." *Id.* at ¶ 78.

19.     Plaintiffs further allege that "[t]he advertisements … had the capacity to mislead the Plaintiffs with respect to the ability of RVCC to take action after the termination of the respective memberships of Plaintiffs due to their death or resignation that would have the effect of indefinitely postponing repayment of the amounts they paid to acquire the Proprietary Membership Certificates and/or not effect this repayment within a reasonable period of time after their death or resignation." *Id.* at ¶ 79.

20.     According to Plaintiffs, "[t]he actions and inactions of RVCC … the result of which was the failure and refusal by RVCC to repay Plaintiffs the amounts they paid to acquire the Proprietary Membership Certificates, constitute unconscionable commercial practices, deceptions, fraud, false pretenses, misrepresentations, and the knowing, concealment, suppression, or omission of material facts with intent that Plaintiffs rely upon such concealment, suppression or omission, in connection with the subsequent performance of the obligations pursuant to Proprietary

Membership Certificates of RVCC to Plaintiffs as former proprietary members of RVCC." *Id.* at ¶ 80.

21. Plaintiffs allege that "[a]s a direct and proximate result of the violations of the CFA by RVCC, … Plaintiffs have sustained an ascertainable loss and damages." *Id.* at ¶ 81.

22. According to Plaintiffs, approximately 200 former club members are owed repayment of their Proprietary Membership Certificates, for a "total aggregate amount of approximately … $2,700,000.00." *Id.* at ¶ 29.

23. Plaintiffs seek treble damages, pursuant to N.J.S.A. 56:8-19. *Id.*, Wherefore Clause, p. 18. Thus, according to Plaintiffs' own allegations, the amount in controversy on the CFA claim would exceed $5 million (*i.e.,* $2,700,000.00 X 3 (treble damages) = $8,100,000.00).

24. Furthermore, "[a]n award of attorneys' fees must be included as part of the amount in controversy determination where such an award is provided for by statute." *Kendall v. CubeSmart L.P.*, 15-CV-6098, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015). "[C]ourts within this district have adopted a 'reasonableness approach,' which utilizes the median attorneys' fee award of 30% when determining the amount in controversy." *Id.* (collecting cases, and estimating attorneys' fees in CAFA analysis as 30% of potential judgment).

25. Thus, the amount placed in controversy by Plaintiffs' Complaint exceeds the $5,000,000 threshold set by CAFA. Based upon the foregoing, this Notice of Removal establishes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

**C.   Removal is Timely.**

26. "The thirty day removal deadline under § 1446(b) is not triggered by 'mere receipt of the complaint,' but only by 'formal service.'" *Broschart v. Husqvarna AB,* No. 20-18795-MASLHG, 2021 WL 3269664, at *3 (D.N.J. July 30, 2021), quoting *Lee v. Genuardi's Fam.*

7

*Markets, L.P.,* No. 10-01641, 2010 WL 2869454, at *1 (D.N.J. July 19, 2010) (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, (1999)); *see also Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service."); 28 U.S.C. § 1446(b)(1).

27.  This Notice of Removal is timely because the Defendant's time to file this Notice of Removal has not yet been triggered by proper service of process. *See Broschart*, 2021 WL 3269664, at *2; N.J. Ct. R. 4:4-4(a)(6); *see also Manning v. Willingboro Chicken LLC*, No. 21-CV-00542-CCW, 2021 WL 4391282, at *3 (W.D. Pa. Sept. 24, 2021) ("While the certificate of service states vaguely that "PERSON AUTHORIZED TO ACCEPT," such a statement is insufficient to find that the person served was "authorized by appointment or by law to receive service of process on behalf of the corporation," because the certificate did not name the person and did not appropriately identify the person's authority to accept service and their role within the Defendant's corporation.").

**D.   Venue is Proper.**

28.  Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the State Court Action is pending.

**E.   Notice to State Court.**

29.  Defendant will promptly file a Notice of Removal with the Superior Court of the State of New Jersey, Somerset County – Law Division as required by 28 U.S.C. § 1446(d).

**F.   Notice to Parties.**

30.  Defendant will also promptly give Plaintiffs written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

**G.     Copies of State Court Filings.**

31.    Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

    a.    A copy of the letter notifying the Clerk of the Superior Court of the State of New Jersey, Somerset County – Law Division, of removal from state court (**Exhibit 1**); and

    b.    The Summons and Complaint (**Exhibit 2**).

WHEREFORE, Defendant Raritan Valley Country Club hereby effectuates and gives notice of removal of this cause to the United States District Court for the District of New Jersey.

Dated:  October 22, 2021              Respectfully submitted,

By: s/ Michael R. McDonald
Michael R. McDonald, Esq.
Thomas J. Cafferty, Esq.
Brielle A. Basso, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone:  (973) 596-4827
Facsimile:  (973) 639-6295
mmcdonald@gibbonslaw.com
tcafferty@gibbonslaw.com
bbasso@gibbonslaw.com

*Attorneys for Defendant*
*Raritan Valley Country Club*